IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jane Doe 1, ) | |
|    *individually and as mother and* ) | |
|    *next best friend of Jane Doe 2*, and ) | |
| Jane Doe 2, ) | |
|    *a minor* ) | |
| ) | |
|        *Plaintiffs*, ) | |
| ) | Case No. 23 C 50292 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Board of Education of DeKalb Community ) | |
| Unit School District 428 et al., ) | |
| ) | |
|        *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs Jane Doe 1 and Jane Doe 2's motion to proceed pseudonymously. [30]. The Court previously ordered that Plaintiffs may proceed pseudonymously until this motion was resolved. For the reasons set forth below, the Court now fully grants Plaintiffs' motion to proceed pseudonymously in this matter.

## BACKGROUND

Plaintiff Jane Doe 1, as mother and next friend of Jane Doe 2, a minor, filed this lawsuit against Defendants, alleging constitutional violations, Title IX violations, negligent supervision, and state law personal injury causes of action, including sexual battery. As set forth in the Second Amended Complaint, Plaintiffs allege that, beginning in October 2022, Defendant Quinyatta Hutchinson used his position of authority as a student teacher to engage in sex acts with Jane Doe 2 for over five months. Dkt. 34 at 8. Plaintiffs allege that Defendants Treveda Redmond, Matthew McIntyre, Shawn LaPlant, and the Board of Education of the DeKalb Community Unit School

- 1 -

District 428 knew that Defendant Hutchinson was removing Jane Doe 2 and other minor female students from their school activities and taking them to his assigned classroom without parental consent, and, despite this knowledge, continued to allow Defendant Hutchinson to remain unsupervised with minor female students. Dkt. 34 at 2. Plaintiffs now seek to proceed in this litigation pseudonymously, arguing that they will suffer further injury if they are not allowed to proceed using an alias. The only Defendant to object to Plaintiffs' motion is Defendant Hutchinson, who argues that Plaintiffs' identities should be disclosed because "these are serious allegations and such disclosure gives defendants proper information needed to defend itself in the court of law," but states that he "would agree to Plaintiff's initials being disclosed" pursuant to Federal Rule of Civil Procedure 5.2. Dkt. 46.

## LAW REGARDING PSEUDONYMOUS LITIGATION

The Seventh Circuit generally disfavors the use of pseudonyms, but allows fictious names "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). In determining whether to permit a litigant to proceed anonymously, the ultimate consideration is "'whether the [litigant] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d 779, 784–85 (N.D. Ill. 2021) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). A court may also consider a number of non-dispositive factors, including:

1. Whether the movant or others might suffer retaliatory physical or mental harm by the opposing party;
2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;

3. Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public;

4. Whether the movant would suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified;

5. Whether denying the motion would increase the likelihood that similarly situated plaintiffs would be chilled from bringing similar claims;

6. Whether there is a risk of prejudice to the opposing party;

7. Whether there is evidence of ulterior motives of the movant;

8. Whether the movant's identity has been disclosed to the public or kept confidential;

9. Whether there are alternative mechanisms to protect the confidentiality of the movant;

10. Whether the opposing party is a governmental entity or a private individual;

11. Whether the movant is a minor, or was a minor at the time of the conduct at issue;

12. Whether the disclosure of the movant's name would uncover the movant's admissions of illegal conduct in violation of her Fifth Amendment right against self-incrimination; and

13. Whether the nature of the issues presented are purely legal in nature.

*Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d at 784–85. The use of fictitious names is left to the discretion of district court. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 (stating that, when evaluating whether to allow a party to proceed pseudonymously, "a judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts"); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) ("The use of fictitious names for parties, a practice generally frowned upon. . .is left within the discretion of the district court").

**DISCUSSION**

Considering the abovementioned factors, the Court concludes that factors one, two, three, five, six, seven, eight, nine, and eleven weigh in favor of allowing Plaintiffs to proceed pseudonymously. Here, Jane Doe 2 is a minor, and alleges through her mother and next best friend that she is a victim of sexual battery – two classes of individuals that the Seventh Circuit expressly permits to use fictitious names during litigation. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872. Jane Doe 2 alleges that she has suffered emotional harm, and that revealing her name may subject her to further embarrassment and the risk of retaliatory conduct since she is still a student, and several of the named Defendants will remain her educators as this lawsuit proceeds. The factual allegations in this matter are highly sensitive, as they involve allegations of sexual battery against a minor. *E.g.*, *Doe v. Trustees of Indiana Univ.*, 577 F. Supp. 3d 896, 904 (S.D. Ind. 2022) (stating that "allegations concerning sexual relationships and sexual assault" are sensitive in nature and may justify anonymity for litigating parties). Plaintiffs allege that Defendant Hutchinson engaged in sex acts with Jane Doe 2 and other minor students, and thus, not allowing Plaintiffs to proceed pseudonymously may chill other individuals from bringing similar claims. The Court has no reason to believe that Plaintiffs have ulterior motives in protecting their identities.

The Court also concludes that there is not a sufficient alternative mechanism to protect Plaintiffs' identities. While Defendant Hutchinson suggests that Plaintiffs should proceed using initials, initials are not a foolproof means of protecting a party's identity, and the potential harm resulting from disclosure of Plaintiffs' identities is grave enough to justify the use of the pseudonym. *E.g.*, *United States v. Troup*, No. 3:12-CR-36 JD, 2012 WL 3818242, at *3 (N.D. Ind. Aug. 31, 2012) (allowing minor victims of a sex offense to proceed using a pseudonym instead of

initials to protect the victims' privacy interests). And, at this stage of litigation, the Court has no reason to believe that Defendants will be prejudiced by allowing either Jane Doe to proceed pseudonymously, because Plaintiffs represented to the Court that they have disclosed their identities to each Defendant.[1] The Court notes, however, that its decision to allow a plaintiff to proceed pseudonymously may be reviewed at any stage, and if Defendants are somehow prejudiced as this case proceeds, the Court may reevaluate its decision. *E.g.*, *Doe v. Paris Union Sch. Dist. No. 95*, No. 05-2249, 2006 WL 44304, at *2 (C.D. Ill. Jan. 9, 2006).

As to whether Jane Doe 1 should be allowed to proceed pseudonymously, Jane Doe 1 is Jane Doe 2's mother. Accordingly, if Jane Doe 1's identity is revealed, it would be easier to ascertain Jane Doe 2's identity. And if Jane Doe 2's identity is revealed through her parent's identity, then granting leave for her to proceed pseudonymously would be a fruitless endeavor. To the best of the Court's knowledge, both Jane Doe's identities have remained confidential throughout the course of this proceeding, and in the underlying criminal case against Defendant Hutchinson. Thus, to protect Jane Doe 2's privacy interests, the Cout will allow Jane Doe 1 to proceed pseudonymously as well. *See, e.g.*, *Doe 1 v. Lazzaro*, No. 21-cv-1985 (JWB/DJF), 2023 WL 4545066, at *2 n.3 (D. Minn. July 14, 2023); *G.D. v. Kannapolis City Sch. Bd. of Educ.*, No. 1:22-CV-1001, 2023 WL 2538927, at *4 (M.D.N.C. Mar. 16, 2023) (acknowledging that courts "recogniz[e] that a minor child and 'his parents' privacy interests are intractably intertwined,' and that 'a parent's identity, if disclosed, could jeopardize the child's confidentiality'") (quoting *J.W.*

---

[1] The Court held a status hearing on December 15, 2023, at 10:00 a.m. to confirm that all Defendants knew Plaintiffs' identities. Defendants Redmond, McIntyre, LaPlant, and the Board of Education of DeKalb Community Unit School District stated that they know the identity of both Jane Does. Defendant Hutchinson stated that Plaintiffs did not disclose their identities to him. Plaintiffs stated that they disclosed their identities by mailing a copy of their motion to proceed pseudonymously to Defendant Hutchinson, and that they will re-mail the sealed exhibit that discloses their identities.

*v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016)); *Valdez for A.V. v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. 1:21-CV-01199-KK-LF, 2022 WL 1001236, at *2 (D.N.M. Apr. 4, 2022) (stating that the court "agrees that [the minor plaintiff] has vital privacy interests in not disclosing her identity to the public and agrees…that identifying [the minor plaintiff's] parent by name would necessarily compromise the confidentiality of [the minor plaintiff]") (internal quotations omitted).

As to the remaining factors for consideration, factors twelve and thirteen are inapplicable to weighing Plaintiffs' privacy interests in this case, and thus will not be considered. *See Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d at 785 (stating that inapplicable factors are not considered when analyzing whether to allow a litigant to proceed pseudonymously). On the fourth factor, Plaintiffs have not addressed any potential adverse outcome that they might face if they choose to stop pursuing this case on account of an adverse ruling on this motion, nor have they indicated that they will discontinue this action if they are not permitted to proceed pseudonymously. As such, factor four weighs neutrally on the disposition of Plaintiffs' motion. *Id.* at 787-88. Given that Plaintiffs are suing a school district, factor five is the only factor to weigh against granting Plaintiffs' motion. The public undoubtedly has an interest in knowing what transpires at its schools, which supports the presumption of public access. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."). But, while use of a pseudonym impedes public access and may cause some additional inconvenience to those interested in the case, given the minor plaintiff's age,[2] the nature of the complaint, and the fact that

---

[2] While the parties have not disclosed Jane Doe 2's exact age, she is enrolled in middle school. Dkt. 34 at 1. The Court, therefore, presumes that Jane Doe 2 is between eleven and thirteen years of age.

there may be other similarly situated minors, protecting Plaintiffs' privacy interests outweigh the public interest and the presumption of openness. *E.g.*, *Doe v. Sch. Dist. 214*, 532 F. Supp. 3d 665, 669 n.1 (N.D. Ill. 2021).

## **CONCLUSION**

In summary, factors one, two, three, five, six, seven, eight, nine, and eleven weigh in favor of granting Plaintiffs' motion; factor four weighs neutrally, factor ten weighs against, and factors eleven and twelve are inapplicable. Considering these factors, the Court concludes that both Plaintiffs have a substantial privacy right which outweighs the presumption of openness in judicial proceedings, and, thus, will allow Plaintiffs to proceed pseudonymously in this matter.

Date: December 15, 2023　　　　　　　By: *Lisa A. J.*
　　　　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge